BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, v. MANUEL F. ROSSY y JOSÉ BAZÁN, demandados y apelantes.

No. 4256.—*Visto:* Enero 17, 1928. *Resuelto:* Enero 26, 1928.

COSTAS—PAGO Y REMEDIOS PARA COBRARLAS—RECOBRO DE COSTAS YA SATISFECHAS.—Cuando el pago del capital e intereses de la obligación que se reclama y las costas son una condición precedente' del desistimiento de la acción por el tenedor del pagaré, aunque la sentencia de desistimiento se solicite sin especial condena de costas y así sea dictada, el acreedor no viene obligado a devolverlas al deudor.

RESOLUCIÓN de *Pablo Berga,* J. (San Juan), declarando sin lugar moción sobre devolución del importe de costas pagadas. *Confirmada.*

*Manuel F. Rossy,* abogado del apelante; *Gabriel de la Haba,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Banco Comercial de Puerto Rico demandó a don Manuel F. Rossy y a don José Bazán para que solidariamente le pagasen la cantidad de $1,400, sus intereses de mora desde el 4 de abril de 1925, las costas y desembolsos de su acción y los honorarios de su abogado e insertó en su demanda el pagaré en que consta la obligación reclamada, en el cual se comprometieron los demandados a pagar las costas y honorarios que ocasione el cobro de esa deuda y los honorarios del abogado que el banco utilice en caso de reclamación judicial. Dos meses después los abogados de todas las partes en este pleito presentaron moción a la corte de distrito en la que haciendo constar que los demandados han satisfecho al demandante la deuda que motivó el pleito y que al Sr. Rossy le fueron embargadas en él cierto número de acciones de una sociedad y tres fincas rústicas, habiendo sido anotado el embargo de éstas en el registro de la propiedad, solicitaron tuviese al demandante por desistido de su acción y dictase la correspondiente sentencia sin especial condena de costas. La corte dictó sentencia en los términos intere-

sados y dispuso que se librase mandamiento al registrador para que cancelase los embargos anotados. Un año después el Sr. Rossy presentó moción a la corte en la que consignando haber pagado al banco su deuda e intereses más $44.75 de costas, por cuyo motivo el banco desistió de su demanda y la corte dictó la sentencia antes dicha sin especial condena de costas, solicitó ordenase al banco que le devuelva la cantidad que le cobró por costas, diciendo en esa moción que no es razón en su contra que entregara a su acreedor el capital y los intereses y las costas porque si no le hubiera entregado esas cantidades el banco no habría solicitado el desistimiento, pero que como la corte lo decretó sin costas éstas deben serle devueltas.

En la resolución de la corte negando lo pedido en esa moción se hace constar que los demandados comparecieron en el pleito y solicitaron tiempo para contestar, radicaron después moción para que fuesen eliminados ciertos particulares de la demanda, la que fué declarada sin lugar, y entonces fué presentada la estipulación de desistimiento de la acción. Contra esta resolución interpuso el Sr. Rossy este recurso de apelación.

Admitiendo, como admite el apelante, que si no hubiera pagado a su acreedor las tres partidas de capital, sus intereses y las costas el banco no hubiera consentido en desistir de su demanda, es obvio que el pago de esas tres partidas fué una condición precedente a la estipulación hecha por las partes para que la demanda fuese declarada desistida y que aunque la sentencia de desistimiento se solicitó sin especial condena de costas y así fué dictada, el apelante no tiene derecho a que le sea devuelta la cantidad que pagó voluntariamente por costas, sin cuyo pago no hubiera conseguido poner término al pleito y que se cancelaran los embargos trabados en sus fincas, por lo que esas costas no viene obligado a devolverlas el banco al apelante.

*La resolución apelada debe ser confirmada.*